IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SUSAN LANGHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-57-JDK |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

This is a workplace discrimination dispute. Plaintiff Susan Langham alleges that her employer, the Texas Health and Human Services Commission ("HHSC"), discriminated against her based on sex. In particular, Langham claims that HHSC paid male counterparts more than her.

Following discovery, the parties filed cross motions for summary judgment. For the reasons discussed below, the Court **DENIES** Langham's motion (Docket No. 50) and **GRANTS** HHSC's motion (Docket No. 53).

**I.**

Susan Langham is a registered nurse. She has an associate's degree in nursing and has worked as a registered nurse since 2004. Docket No. 53 at 4; Docket No. 57 at 5. Langham's previous work experience includes various positions in emergency room settings and treatment centers. Docket No. 53 at 4.

Since 2007, Langham has been employed by HHSC. Docket No. 50 at 1. In 2009, she became a Nurse III-Nurse Surveyor, which requires "conducting on-site

1

surveys of medical facilities to determine compliance with state and federal law, regulations, and rules." Docket No. 53 at 3. More specifically, Langham "conducts investigations of compliance complaints, evaluates management, supervision and quality of care, as well as review plans of correction submitted by facilities." *Id.*; *see also* Docket No. 50 at 5.

Before September 30, 2021, Langham earned a salary of $66,152 and received merit-based increases in 2015 and 2020. Docket No. 53 at 4; Docket Nos. 1; 50. In 2017, Langham's division was transferred from the Department of State Health Services to HHSC. In August 2021, HHSC mandated a minimum salary of $70,000 for Nurse Surveyors to "equalize any salary gap that existed pre-transformation." Docket No. 53 at 5. Langham's salary increased to $70,000.08 in 2021, and is currently $85,419.72 per year. Docket No50 at 4; Docket No. 53 at 5–6.

Langham identifies four male Nurse Surveyors at HHSC—Jonathan Wilwayco, Pablo Rojas Duarte, Edward Lang, and Rick Smith—as comparators, asserting that all are "similarly situated." Langham also claims that HHSC pays each of these male Nurse Surveyors more than her and is therefore discriminating against her based on sex. Docket No. 50 at 3; Docket No. 1. Langham does not dispute, however, that she has not shared a supervisor with any of the males identified and that each joined HHSC with unique work experience, educational backgrounds, and previous leadership roles. Docket No. 50 at 3; Docket No. 53 at 12. A brief summary of each comparator follows:

- <u>Jonathan Wilwayco</u> has a master's degree in health science and emergency and disaster management, as well as a four-year bachelor's

  degree in nursing. His past work experience includes serving in nursing and managerial roles in the United States Army for six years. He was hired at a salary of $64,320 in 2013. In 2022, his salary was $72,765. Docket No. 50-2. Wilwayco thereafter received merit raises for four consecutive years. Docket No. 53 at 5.

- <u>Pablo Duarte</u> has a master's degree in health administration and a four-year bachelor's degree in nursing. He has been a registered nurse since 1996, working in large hospitals and serving as the director of emergency services for a Level I trauma center. He was hired by HHSC in 2018 at a salary of $72,788 and received merit raises in 2020 and 2021. *Id.* at 6. Duarte's current salary is $85,419.72. *Id.*

- <u>Edward Lang</u> has a four-year bachelor's degree in nursing and has been a registered nurse since 1999. He has experience working in intensive care units, psychiatric hospitals, and dialysis centers. Lang was hired in 2016 at a salary of $66,000 and received merit raises in 2020 and 2021. *Id.* at 6–7. Lang's current salary is $85,419.72. *Id.* at 7.

- <u>Rick Smith</u> has a four-year bachelor's degree in nursing and has been a registered nurse since 1987. He has experience in psychiatric hospitals and recovery centers and spent several years as the assistant director or director in those settings. He was hired in 2014 at a salary of $64,800, then rehired in 2019 at a salary of $67,200. Smith received merit raises in 2020 and 2021.

Based on these facts, Langham asserted two causes of action against HHSC: (1) a violation of the Texas Commission on Human Rights Act ("TCHRA"), codified in Chapter 21 of the Texas Labor Code; and (2) a violation of the Fair Labor Standards Act ("Equal Pay Act" or "Act"), 29 U.S.C. § 206(d). Docket No. 1-1.

Following approximately 30 months of discovery, both parties moved for summary judgment.

## II.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

3

FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material only if it will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if the evidence could lead a reasonable jury to find for the nonmoving party. *Id.* However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Ibanez v. Texas A&M Univ. Kingsville*, 118 F.4th 677, 682 (5th Cir. 2024).

When parties cross-move for summary judgment, the Court reviews each motion independently, "with evidence and inferences taken in the light most favorable to the nonmoving party." *White Buffalo Ventures, LLC v. University of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005). Additionally, "cross-motions may be probative of the non-existence of a factual dispute when, as here, they demonstrate a basic agreement concerning what legal theories and material facts are dispositive." *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 700 (5th Cir. 2020) (citing *Bricklayers Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975)); *Schlytter v. Baker*, 580 F.2d 848, 850 (5th Cir. 1978)).

### III.

Both of Langham's claims fail as a matter of law because she has not established that her male counterparts are similarly situated. Further, in any event, HSSC has demonstrated that the difference in salaries between Langham and her male counterparts is not based on sex.

### A. Texas Commission on Human Rights Act

The TCHRA prohibits employers from discriminating "because of sex or on the basis of sex." TEX. LAB. CODE 21.106. The Court looks to Title VII to guide its analysis of the TCHRA claim. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234–35 (5th Cir. 2016) ("As the TCHRA is partly intended to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964, the analogous federal statutes and the cases interpreting those statutes guide a court's reading of the TCHRA.") (cleaned up); *see also Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (per curiam) (holding that "[b]ecause the Legislature intended to correlate state law with [Title VII] in employment discrimination cases, [courts] turn to the analogous federal case law for guidance").

For Langham to establish a prima facie case of discrimination under the TCHRA, she must show that (1) she is a member of a protected class; (2) she is qualified for her position; (3) she was subjected to an adverse employment action; and (4) others similarly situated were treated more favorably. *Monarrez*, 177 S.W.3d at 917. Once Langham establishes a prima facie case of discrimination, the burden of production shifts to HHSC to proffer "a legitimate, non-discriminatory reason" demonstrating that the employees' sex was not a "motivating factor" in its salary decisions. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477, 480 (Tex. 2001). If HHSC satisfies its burden of production, then Langham—who bears the ultimate burden to prove discrimination—must raise a genuine issue of material fact by showing that the proffered reason is a "pretext for discrimination." *Id.* at 476.

5

The Texas Supreme Court has held that "employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Monarrez*, 177 S.W.3d at 917. Courts have found that "[j]ob titles and pay grades are insignificant in determining whether jobs are substantially similar." *Meek v. City of Dall.*, 2006 WL 8437548, at *7 (N.D. Tex. Dec. 19, 2006) (citing *Williams v. Galveston Indep. Sch. Dist.*, 78 F. App'x 946, 949 n.9 (5th Cir. 2003)). Further, "on their own, job titles and job descriptions cannot establish job equality." *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 617 (5th Cir. 2020). "Additionally, positions requiring different qualifications, even if superficially comparable, are not similarly situated for the purposes of Title VII." *Id.* (citing *Caesar v. Lamar Univ.*, 147 F. Supp. 2d 547, 552–53 (E.D. Tex. 2001)). To that end, the Fifth Circuit has identified several factors—such as "job responsibility, experience, and qualifications"—for courts to consider in determining whether a comparator is similarly situated. *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018); *see also Mitchell v. Mills*, 895 F.3d 365, 371 (5th Cir. 2018). Therefore, to satisfy the similarly-situated prong, Langham must show that her circumstances were "nearly identical" to those of the better-paid employees she names as comparators. *Herster*, 887 F.3d at 185; *see also Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 523 (5th Cir. 2008).

Here, Langham argues that her male counterparts are similarly situated because, as Nurse III-Nurse Surveyors, they share the same job description and perform "nearly identical" core responsibilities. Docket No. 50-5, Ex. D; Docket No. 1,

6

Ex. A. But the Fifth Circuit has held that job descriptions alone are insufficient to establish that employees are similarly situated. *Badgerow*, 974 F.3d. at 617. And the evidence demonstrates that each of Langham's "comparators" have unique characteristics and qualifications, including differing education levels and specialized knowledge. Docket No. 53-2, Exs. 4, 6, 8A, 9, 14, 15, 18. They also work on different teams, serve at different types of facilities, and have different travel requirements. Docket No. 53-2, Exs. 8A, 9; Docket No. 50-5, Ex. D. Indeed, Langham works primarily in Austin, Texas; whereas the male counterparts work in different Texas regions and in Wilwayco's case, across the State of Texas. Docket No. 53-2, Ex. 2, 5, 8, 8A, 10. Indeed, Beth McCay, a corporate representative for HHSC, testified that "[t]here is also a geographical location difference with these individuals, so some of them have to travel more than others." *Id.* at Ex. 8. And, as noted above, Langham's male counterparts work for different supervisors who largely determined their initial salaries and merit increases. *Id.* at Exs. 4, 8, 8A, 9, 15, 18.

All of this means that Langham has failed to prove that others similarly situated were treated more favorably than her. *See, e.g., Herster*, 887 F.3d at 185 (comparators with better qualifications and greater responsibilities were not similarly situated); *Fields v. Stephen F. Austin State Univ.*, 611 F. App'x 830, 832 (5th Cir. 2015) (comparators were not similarly situated because they worked different hours and the positions required different skills); *Lee v. Kansas S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009) (employees who worked for different supervisors, worked in different divisions of the company, and had different work responsibilities were

7

not similarly situated); *Cnty. of El Paso v. Aguilar*, 600 S.W.3d 62, 85 (Tex. App.—El Paso 2020) (finding that "differences in job standards, responsibilities, supervisors, and capabilities" disqualified an employee as similarly situated (citing *Exxon Mobil Co. v. Rincones*, 520 S.W. 572, 584 (Tex. 2017))).

Even if Langham had met her initial burden, moreover, HHSC has identified "a legitimate, non-discriminatory reason" for its salary decisions. *See Quantum Chem.*, 47 S.W.3d at 477. HHSC provided Langham's own deposition confirming that she neither witnessed nor heard anything suggesting that her supervisors at HHSC believed women should be paid less or held any bias against women. Docket No. 53-2, Ex. 2. Langham was also aware of female Nurse Surveyors who were paid more than she. *Id.* at Exs. 2, 25. And McCray testified that, when HHSC makes an initial offer to a candidate, "the pay is based on [the candidate's] knowledge and experience and any budgetary constraints." *Id.* at Ex. 8. Indeed, the evidence provided by HHSC demonstrates that the differences in experience, education, supervisors, and geographic locations—not gender—are the reasons Langham is paid differently from her male counterparts. *Id.* at Exs. 2, 4, 8, 8A, 9, 15, 18. Langham presented no evidence to the contrary. HHSC has therefore established that sex was not a "motivating factor" in its salary decisions. *See Quantum Chem.*, 47 S.W.3d at 480.

Accordingly, Langham's claim under the TCHRA fails as a matter of law.

### B. Equal Pay Act

To establish a prima facie case of discrimination under the Equal Pay Act, Langham must show that (1) HHSC is subject to the Act, (2) "she performed work in a position requiring equal skill, effort, and responsibility under similar working

conditions, and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Badgerow*, 974 F.3d at 617 (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)). If Langham establishes a prima facie case, the burdens of production and persuasion then shift to HHSC "to show that the differential is justified under one of the Act's four exceptions." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). The four exceptions are: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1). "Factors other than sex include, among other things, employees' different job levels, different skill levels, previous training, and experience." *Browning v. Sw. Rsch. Inst.*, 288 F. App'x 170, 174 (5th Cir. 2008) (citing *Pouncy v. Prudential Ins. Co.*, 668 F.2d 795, 803 (5th Cir. 1982)).

Here, the problem with Langham's prima facie case under the Equal Pay Act is the same as the problem with her prima facie case under the TCHRA: Langham has failed to show she was paid less than "the employee of the opposite sex providing the basis of comparison." *Badgerow*, 974 F.3d at 617. In fact, the Fifth Circuit has held that "the EPA has a higher threshold" than that of Title VII (and thus, the TCHRA). *Siler-Khodr v. Univsity of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001). This means that "an employee who fails to qualify as a comparator under Title VII in a case of gender-based wage discrimination also fails to qualify as a comparator under the Equal Pay Act." *Muslow v. La. State Univ. &*

9

*Agric. & Mech. Coll., Bd. of Supervisors*, 2023 WL 5498952, at *7 (5th Cir. Aug. 24, 2023).

Even if Langham could satisfy her burden under the Equal Pay Act, HHSC has demonstrated that the pay differential is justified by one of the Act's exceptions—"a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1). As noted above, HHSC has shown that the pay disparity between Langham and her male counterparts is the result of a merit-based system and factors other than gender, including differing education levels, experience, and job requirements. Docket No. 53-2, Exs. 4, 5, 8A, 8–11, 15, 16, 18, 19, 21, 23. That's sufficient under § 206(d)(1)(iii). *See, e.g., Montgomery*, 2003 WL 1922917, at *2 (An employer who demonstrates that a pay differential resulted from differences in "job responsibilities, experience, and work performance" has sufficiently shown that the differential is justified under the Act.); *see also Plemer*, 713 F.2d at 1138 ("Different job levels, different skill levels, previous training and experience:  all may account for unequal salaries in an environment free from discrimination.").

Langham's claim under the Equal Pay Act therefore also fails as a matter of law.

### IV.

For the reasons stated above, HHSC's motion for summary judgment (Docket No. 53) is **GRANTED** and Langham's motion for summary judgment (Docket No. 50) is **DENIED.**

All pending motions are **DENIED** as moot**.**

So **ORDERED** and **SIGNED** this **14th** day of **February, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

11